**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTERDESIGN, INC., | ) | CASE NO. 1:26-cv-1610 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| BRUMIS IMPORTS INC. d/b/a CORE HOME, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Brumis Imports Inc. d/b/a Core Home's Notice of Authority and Motion to Dissolve TRO ("Motion to Dissolve") (ECF No. 8). For the reasons discussed below, the Motion to Dissolve is **DENIED as MOOT**.

## I. BACKGROUND

On July 9, 2026, Plaintiff InterDesign, Inc. filed this action in the Cuyahoga County Court of Common Pleas. (ECF No. 1-1, PageID #16; ECF No. 1-2). At the same time, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"). (ECF No. 1-1, PageID #49; ECF No. 1-2). Plaintiff also filed a notice pursuant to Ohio Civil. Rule 65(A) ("Rule 65(A) Notice") certifying that: (i) Plaintiff had notified Defendant's of the relief sought by telephone and electronic mail on July 9, 2026; and (ii) under these circumstances, Plaintiff had made reasonable efforts to notify Defendant of the TRO Motion and actual notice should not be required. (ECF No. 1-1, PageID #80).

At 11:56 AM on July 9, 2026, Plaintiff's counsel emailed Alan Bram, Co-Founder and Chairman of Defendant, informing him that Plaintiff was filing this action in the Cuyahoga County Court of Common Pleas and would be seeking injunctive relief. (ECF No. 8, PageID #129; ECF No. 8-1). At the same time, Plaintiff's counsel called Mr. Bram and left a voicemail stating that

1

he was at the courthouse and was intending to get a temporary restraining order ("TRO") on behalf of Plaintiff.  (ECF No. 8, PageID #129–30).  At 2:11 PM on July 9, 2026, the state court issued an ex parte TRO against Defendant.  (ECF No. 1-1, PageID #11–12, 15).  The state court set a preliminary injunction hearing for July 23, 2206.  (*Id.* at PageID #15).

On July 13, 2026, Defendant removed this action to the Northern District of Ohio pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the basis of the Court's diversity jurisdiction.  (ECF No. 1).  On July 17, 2026, the Court held a Status Conference and scheduled a Preliminary Injunction Hearing for August 3, 2026.  (Minutes of proceedings [non-document] dated July 17, 2026).  The same day, Defendant filed the instant Motion to Dissolve.  (ECF No. 8).  Plaintiff filed a timely opposition.  (ECF No. 10; ECF No. 21).

## II.     ANALYSIS

Defendant moves the Court to dissolve the ex parte TRO because there was a lack of sufficient notice provided to Defendant.  "After removal, the federal court 'takes the case up where the State court left it off.'"  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812, 25 L. Ed. 875 (1880)).  "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."  *Id.* at 437.  Any injunctions or orders issued by a state court prior to removal "shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.  A party may move to dissolve or modify a TRO under Federal Rule of Civil Procedure 65(b)(4), which essentially amounts to a motion for reconsideration.

2

Under Federal Rule of Civil Procedure 65(b)(1), the Court may only issue an ex parte TRO when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Sixth Circuit has explained that "Rule 65(b) restrictions on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

That said, the restrictions under Rule 65(b)(1) only apply to TROs issued without "reasonable" notice.  Reasonable notice requires the movant to provide information to the opposing party within a reasonable time, such that the opposing party has an opportunity to be heard.  *See Granny Goose Foods, Inc.*, 415 U.S. at 439.

Defendant argues that it did not receive reasonable notice of the TRO because the only notice it received was when Plaintiff's counsel, who was already at the Cuyahoga Couty Court of Common Pleas, sent an email and left a voicemail to Defendant's Co-Founder and Chairman, who was located in New York City, just over two hours before the state court issued a TRO against Defendant.  (ECF No. 8, PageID #129–32).  Plaintiff contends that Defendant was provided with reasonable notice with respect to the TRO based on the following four instances when the TRO was discussed: "a phone call between the parties' business representatives approximately one week before the TRO was entered, a phone call and an e-mail from the undersigned prior to any filings with the Court, and a second phone call that occurred in chambers prior to the State Court issuing the TRO."  (ECF No. 21, PageID #436).

3

The Court finds that Plaintiff did not provide Defendant with reasonable notice of the TRO. The phone call and email prior to filing this action took place barely over two hours before the TRO was issued.  The second phone call supposedly took place minutes before the TRO was issued.  These "contacts" did not come close to providing reasonable notice such that Defendant would have had an opportunity to be heard and oppose the TRO.  District courts in this Circuit have found notice of this kind problematic.  *See, e.g.*, *Partner Assessment Corp. v. Rosen*, No. 1:25-cv-12832, 2025 LX 311153, at *8–9 (E.D. Mich. Aug. 13, 2025) (finding an email provided the same day the TRO was issued did not constitute reasonable notice); *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2019 U.S. Dist. LEXIS 12830, at *5–6 (S.D. Ohio Jan. 28, 2019) ("Here, the Court finds that an email one business day before the issuance of an ex parte TRO does not constitute reasonable notice to provide Defendants with a reasonable time to permit an opportunity to be heard.").  The Court also finds that the supposed phone call between "parties' business representatives" a week before the TRO was issued does not constitute reasonable notice. For this phone call, which occurred before the litigation had even commenced, Plaintiff provides no citation to the record or other evidence as to what was discussed during this phone call, the call did not involve counsel for either party, and there is no ability to confirm what was discussed.

Because there was no reasonable notice provided, the requirements of Rule 65(b)(1) needed to be satisfied for proper issuance of an ex parte TRO.  The Sixth Circuit has explained that there are two circumstances which justify a district court issuing an ex parte TRO: (i) the normal circumstances "where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found"; and (ii) a limited circumstance "where notice to the defendant would render fruitless further prosecution of the action."  *See First Tech.*, 11 F.3d at 650.  The first circumstance does not apply here because Plaintiff's Rule 65(A) Notice did not

4

certify that notice was impossible; nor does Plaintiff make any such argument in its opposition. (ECF No. 1-1, PageID #80).

That leaves the second circumstance based on fruitlessness.  "In order to justify proceeding ex parte because notice would render further action fruitless, the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Id.*  Instead, said party "must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.* at 651.  As a result, a party seeking ex parte injunctive relief must do more than allege that the adverse party *could* or *might* destroy evidence. *Id.* ("Showing that the adverse party would have the opportunity to conceal evidence is insufficient to justify proceeding ex parte.  If it were, courts would be bombarded with such requests in every action filed.  The applicant must show that the adverse party is likely to take the opportunity for such deceptive conduct."); *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  Once again, Plaintiff's Rule 65(A) Notice does not certify that Defendant would destroy evidence or that providing notice would render this action fruitless.  (ECF No. 1-1, PageID #80).  Plaintiff's opposition makes no such argument either.  Plaintiff simply argues that actual notice should not be required because Defendant would be able to unfairly compete with Plaintiff without injunctive relief.  (ECF 21, PageID #435).  But this is not an argument against giving Defendant an opportunity to be heard in opposition to injunctive relief; it is an argument as to why a TRO and injunctive relief should be issued.  As a result, the Court finds that the state court the TRO was improperly issued because the issuance of an ex parte TRO was not justified in these circumstances.

The state court issued the TRO on July 9, 2026.  Pursuant to Fed. R. Civ. P. 65, a TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2).  Therefore, the TRO expired on July 23, 2026.  Accordingly, the Motion to Dissolve has been rendered moot.  To the extent that Plaintiff requests the TRO be extended until the August 3, 2026 Preliminary Injunction Hearing, (ECF No. 21, PageID #438), the Court declines to grant such an extension based on the Court's findings that: (i) Defendant was not provided reasonable notice of the TRO Motion; and (ii) there were insufficient circumstances to justify the issuance of an ex parte TRO.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dissolve (ECF No. 8) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: July 31, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

6